In re James C. PLATTS, Petitioner.

No. 15–1900.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R.App. P.
June 18, 2015.

Opinion filed: June 23, 2015.

James C. Platts, Bruceton Mills, WV,
pro se.

Before: FISHER, SHWARTZ and
GREENBERG, Circuit Judges.

OPINION *

PER CURIAM.

James C. Platts has filed a petition for a
writ of mandamus. In his petition, he
presents details of his dispute with the
Internal Revenue Service ("IRS") dating
back to at least 1999. To summarize brief-
ly, Platts states that he made payments to
the IRS in order to release disputed tax
liens, pending the resolution of the dis-
putes. He contends that the IRS cashed
his payments without crediting those funds
to his taxpayer account, resulting in an
overpayment to the IRS totaling approxi-
mately $200,000.00. Platts also alleges
that his requests for hearings under 26
U.S.C. § 6330 were ignored, depriving him

of due process. In 2007, Platts filed a Tax
Court petition against the Commissioner of
Internal Revenue to present his claim for
the overpayment. The Commissioner filed
a motion to dismiss on mootness grounds,
which Platts characterizes as a fraudulent
misrepresentation to the Tax Court. The
Tax Court granted the Commissioner's
motion and dismissed the case in Decem-
ber 2007. Platts asserts that he did not
receive timely notice of the dismissal, de-
priving him of the opportunity to appeal to
this Court. Thus, Platts seeks an order to
compel the Tax Court to vacate its dis-
missal order, reopen his case, and grant an
evidentiary hearing regarding payments
made and balances owed to either party.
Platts further suggests that the Tax Court
should consolidate his reopened case with
his currently pending Tax Court matter.

Platts invokes 28 U.S.C. § 1651 in seek-
ing mandamus relief. Section 1651 confers
jurisdiction on this Court to issue a writ of
mandamus "in aid of" our jurisdiction. 28
U.S.C. § 1651(a). Upon review of the
docket in the Tax Court case at issue here,
we note that the Tax Court directed Platts
to respond to the Commissioner's motion
to dismiss, and, having received no re-
sponse by the stated deadline, the Tax
Court dismissed the case in 2007. We also
note that more than six years passed be-
fore Platts filed a motion to vacate the
dismissal order, which the Tax Court de-
nied in March 2014. Given that the under-
lying matter in the Tax Court has been
dismissed and has not been reopened, and
there is no longer any possibility that our
appellate jurisdiction may attach, there is
no action as to which a writ of mandamus
might aid our jurisdiction. *See United*

---

* This disposition is not an opinion of the full
Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

*States v. Christian,* 660 F.2d 892, 894 (3d Cir.1981) (explaining that, "[b]efore entertaining" a petition for a writ of mandamus, "we must identify a jurisdiction that the issuance of the writ might assist," including appellate jurisdiction "at some future time"). Because Platts seeks an order to compel action by the Tax Court in his dismissed tax matter, we find that issuing a writ of mandamus is not "necessary or appropriate in aid of" our jurisdiction within the meaning of § 1651(a). Accordingly, we must deny the petition.

Further, mandamus is an "extraordinary" and "drastic" form of relief. *See In re Diet Drugs Prods. Liab. Litig.,* 418 F.3d 372, 378–79 (3d Cir.2005). Even when a petitioner shows the absence of other adequate means to obtain the requested relief, and also establishes a "clear and indisputable" right to issuance of the writ, our exercise of mandamus power is largely discretionary. *See In re Kensington Int'l Ltd.,* 353 F.3d 211, 219 (3d Cir.2003). Under the circumstances of this case, we would decline to exercise our mandamus power to grant extraordinary relief.

For the foregoing reasons, we will deny the petition for a writ of mandamus.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.